IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DSL CORPORATION | § | |
| | § | |
| *vs.* | § | C.A. NO. H – 15 – 625 |
| | § | ADMIRALTY |
| M/V COS INTREPID, *her tackle,* | § | |
| *apparel, furniture, equipment,* | § | |
| *etc., et al.* | § | |

## *ORIGINAL   COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DSL Corporation files this Original Complaint against Defendants, the M/V COS INTREPID, *in rem*, and Hanbo Shipping Ltd. ("Hanbo"), COSCO Singapore Pte. Ltd. ("COSCO") and Dalian Suntime International Transportation Co., Limited ("Dalian"), *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.      This action arises from damage and loss to a maritime cargo, a maritime tort and/or breach of a maritime contract.  Accordingly, the Court has original jurisdiction of this admiralty and maritime claim under 28 U.S.C. §1333(1).

2.      Plaintiff is a Texas corporation with its principal place of business in Houston.

3.      On information and belief and at all times material, the M/V COS

INTREPID was an ocean–going vessel, registered in China, bearing International Maritime Organization (IMO) No. 9216432, weighing approximately 39,795 gross tons, and engaged in the carriage of cargo to and/or from ports in the United States.

4.     On information and belief and at all times material, Hanbo owned, chartered, managed and/or operated the M/V COS INTREPID as a common carrier of goods by water for hire between various ports, including the Ports of Xingang, People's Republic of China, and Houston.  On information and belief, Hanbo is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  On information and belief, Hanbo is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Hanbo may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Hanbo has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Hanbo is consistent with the Constitutions and other laws of the United States and Texas.

Accordingly, serving Hanbo with a summons is effective to establish personal jurisdiction over it.  Hanbo can be served by serving the Texas Secretary of State.  Process or notice can be sent to Hanbo at its home office in care of COSCO (Singapore) Pte. Ltd., 07–00, Suntec City Tower II, 9, Temasek Boulevard, Singapore 038989.

5.     On information and belief and at all times material, COSCO managed and/or operated the M/V COS INTREPID as a common carrier of goods by water for hire between various ports, including the Ports of Xingang and Houston.  On information and belief, COSCO is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  On information and belief, COSCO is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although COSCO may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, on information and belief, Plaintiff's action arises under federal law and COSCO has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over COSCO is consistent with the Constitutions and other laws of

3

the United States and Texas.  Accordingly, serving COSCO with a summons is effective to establish personal jurisdiction over it.  COSCO can be served by serving the Texas Secretary of State.  Process or notice can be sent to COSCO at its home office, 07–00, Suntec City Tower II, 9, Temasek Boulevard, Singapore 038989.

6.      On information and belief and at all times material, Dalian chartered, managed and/or operated the M/V COS INTREPID as a common carrier of goods by water for hire between various ports, including the Ports of Xingang and Houston.  On information and belief, Dalian is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  On information and belief, Dalian is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has not designated or maintained a resident agent in Texas.  Alternatively, although Dalian may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, on information and belief, Plaintiff's action arises under federal law and Dalian has sufficient national minimum contacts with the United States as a whole.  The exercise of personal jurisdiction over Dalian is consistent with the Constitutions and other laws of the

4

United States and Texas.  Accordingly, serving Dalian with a summons is effective to establish personal jurisdiction over it.  Dalian can be served by serving the Texas Secretary of State.  Process or notice can be sent to Dalian at its home office, Room 601, 1, Dandong Jie, Zhongshan Qu, Dalian City, Liaoning Province, People's Republic of China.

7.      On or about May 14, 2014, Plaintiff's shipper tendered in good order and condition to Defendants at Xingang a cargo of ERW steel pipe.  Defendants agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges.  Defendants acknowledged receipt of the cargo in good order and condition and, accordingly therewith, issued at Xingang various bills of lading, including Bill of Lading No. DGIA1401CITJ23, free of exceptions or other notations for loss or damage, and loaded the cargo aboard the M/V COS INTREPID.

8.      On or about July 7, 2014, the M/V COS INTREPID arrived at Houston where Defendants later discharged the cargo, not in the same good order and condition as when received but, on the contrary, the cargo was dented, bent, nicked, gouged, smashed, crushed, out of round, loose, compressed and otherwise physically damaged.  The damages and loss proximately resulted from Defendants' respective and/or omissions constituting negligence, breach of contract, breach of bailment and/or violation(s) of the duties of a common carrier of goods by water for hire.  Alternatively, the loss proximately resulted from the unseaworthiness of the M/V COS INTREPID.

9.     Alternatively and without waiving the foregoing, at all times material and on information and belief, Plaintiff's damages and loss proximately resulted from COSCO's act(s) and/or omission(s) constituting negligence in managing and/or operating the M/V COS INTREPID.

10.     Plaintiff proximately has sustained damages exceeding $23,130.80 plus interest dating from May 14, 2014, demand for which has been made upon Defendants but which they refuse to pay.

11.     At all times material, Plaintiff owned the cargo and brings this claim for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s) that are or become interested in the cargo.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DSL Corporation prays that: process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V COS INTREPID, her engines, tackle, apparel, furniture, equipment, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages, interest, and costs; the M/V COS INTREPID be condemned and sold to satisfy the damages aforesaid; and,

This Honorable Court adjudge that Defendants, the M/V COS INTREPID, *in rem*, and Hanbo Shipping Ltd., COSCO Singapore Pte. Ltd. and Dalian Suntime International Transportation Co., Limited, *in personam*, are liable to Plaintiff, jointly and severally, for

its damages, pre–judgment interest, post–judgment interest, court costs and all other relief

as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By_____

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
550 Westcott, Suite 230
Houston, Texas 77007–5096
Telephone:      (713) 864–2221
Facsimile:      (713) 864–2228

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS FOR PLAINTIFF

7